## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMAR COLEMAN, | : | CIVIL ACTION NO. 3:CV-15-1447 |
| | : | |
| Plaintiff | : | (Judge Nealon) |
| | : | |
| v. | : | |
| | : | |
| WARDEN, et al., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

### I. Background

Plaintiff, Lamar Coleman, an inmate currently confined in the Allenwood

Federal Correctional Institution ("FCI-Allenwood"), White Deer, Pennsylvania,

filed the above captioned Bivens[1] action pursuant to 28 U.S.C. § 1331.  (Doc. 1,

complaint).  The name Defendants are Captain Stephen Spaulding, FCI-Allenwood

Warden, and the Federal Bureau of Prisons ("BOP").  Id.  Plaintiff alleges that

Defendants have improperly computed his federal sentence.  Id.  Specifically,

Plaintiff states that the Good Conduct Time (GCT) he earned while serving his

---

[1]Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens-type action is the federal counterpart to an action filed under 42 U.S.C. § 1983.  See Paton v. LaPrade, 524 F.2d 82 (3d Cir. 1975); Farmer v. Carlson, 685 F. Supp. 1335, 1338 (M.D. Pa. 1988)(Nealon, J.)

1974 sentence, prior to his mandatory release, should be applied to reduce the

amount of time he owes on his current parole violation term of incarceration,

essentially commuting the sentence.  <u>Id</u>.  He claims that despite being repeatedly

informed by him of this miscalculation of GCT, BOP staff continue to deny "his

legally entitled release date by deliberately and callously manipulate and disregard

the proper application of pre 1987 'old law' when it is clear they have knowledge of

its force."  <u>Id</u>.  For relief, Plaintiff seeks a hearing or his "immediate release until

resolution of this matter," compensatory and punitive damages, and "any further

relief the court deems appropriate and just."  <u>Id</u>.

Presently pending before the Court is Defendants' motion to dismiss and for

summary judgment.  (Doc. 48).  The parties have fully briefed the issue and the

motion is  now ripe for disposition.  For the reasons that follow, Defendants'

motion to dismiss will be granted.

## II.  <u>Standard of Review</u>

### A.  <u>Bivens Standard</u>

Plaintiff's claims are filed pursuant to 28 U.S.C. § 1331, in accordance with

<u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S.

388, (1971).  Under <u>Bivens</u>, the District Court has federal question jurisdiction

pursuant to 28 U.S.C. § 1331 to entertain an action brought to redress alleged federal constitutional or statutory violations by a federal actor.  <u>Bivens</u>, <u>supra</u>. Pursuant to <u>Bivens</u>, "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." <u>Butz v. Economou</u>, 438 U.S. 478, 504 (1978).  A <u>Bivens</u>-style civil rights claim is the federal equivalent of an action brought pursuant to 42 U.S.C. § 1983 and the same legal principles have been held to apply.  <u>See</u>, <u>Paton v. LaPrade</u>, 524 F.2d 862, 871 (3d Cir.1975); <u>Veteto v. Miller</u>, 829 F.Supp. 1486, 1492 (M.D. Pa.1992); <u>Young v. Keohane</u>, 809 F.Supp. 1185, 1200 n. 16 (M.D. Pa.1992).  In order to state an actionable <u>Bivens</u> claim, a plaintiff must allege that a person has deprived him of a federal right, and that the person who caused the deprivation acted under color of federal law.  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Young v. Keohane</u>, 809 F.Supp. 1185, 1199 (M.D. Pa.1992); <u>Sharpe v. Costello</u>, 2007 WL 1098964, *3 (M.D. Pa., 2007).

**B.  <u>Motion to Dismiss</u>**

Rule 12(b) (6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.

Fed. R. Civ. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir.2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir.2005)).  Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir.1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the ... claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir.2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130–31 (3d Cir.2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim'." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the

4

factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded.  Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir.2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## III.  Discussion

Plaintiff's sole claim in his complaint is that the BOP is not properly computing his release date from his current parole violation sentence. Such a claim, however, is a challenge to the fact or duration of Plaintiff's sentence, and not a challenge to the conditions of his confinement.

Initially, the Court notes that to the extent that Plaintiff requests to be released, it is well-settled that inmates may not use civil rights actions to challenge the fact of their confinement or to seek earlier or speedier release.  Preiser v.

<u>Rodriguez</u>, 411 U.S. 475 (1975).  The United States Court of Appeals for the Third

Circuit has similarly recognized that civil rights claims seeking release from

confinement sounded in habeas corpus. <u>See</u> <u>Georgevich v. Strauss</u>, 772 F.2d 1078,

1086 (3d Cir.1985).

Nor can Plaintiff, under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), maintain

a cause of action for damages for unlawful imprisonment or detention until the basis

for that detention, whatever that may be, is rendered invalid.  In <u>Heck</u>, the Supreme

Court held,

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus.

<u>Id</u>. at 487.  Here, Coleman has not, and indeed cannot prove that his sentence was

reversed on appeal, expunged, declared invalid, or that a federal court has issued a

writ of habeas corpus.

On March 5, 2014, Coleman filed a petition for writ of habeas corpus

raising the same challenge to the BOP's computation of his federal sentence as set

6

forth herein.  See Coleman v. United States Parole Commission, Civ. No.

3:CV-14-0415, 2014 WL 4259011, slip op. at *1 (M.D. Pa. Aug. 27, 2015)

(Nealon, J.).  Specifically, Coleman claimed "that his 1974 criminal sentence has

expired in full, and that the United States Parole Commission . . . therefore lack[ed]

jurisdiction over him" arguing that his sentence had expired because "the good

conduct time credits he earned prior to his mandatory release reduced the amount of

time he owed on that sentence, specifically, that the good time credit commuted the

sentence." Id.  by Memorandum and Order dated August 27, 2014, this Court

dismissed Coleman's habeas action for failure to exhaust administrative remedies.

Id.  However, the Court noted the following:

> Regardless of exhaustion, Coleman's petition is meritless. He
> claims that the good conduct time he earned on his 1974 sentence,
> prior to his mandatory release, should be applied to reduce the
> amount of time he owes on that sentence and would, in effect,
> commute the sentence….Under 28 C.F.R. § 2.35(b), good time
> credit is "used up" when a prisoner is released on parole and, thus,
> has no effect on a prisoner's term of imprisonment in the event of
> parole revocation.

Id. (citations omitted).  On October 21, 2015, Coleman filed a notice of appeal to

the United States Court of Appeals for the Third Circuit.  Id.

In an opinion dated March 17, 2016, the Court of Appeals affirmed this

7

Court's finding that Coleman's claim for the application of his 1974 GCT to his current parole violator term is meritless.  See Coleman v. U.S. Parole Commission, No. 15-3672 (March 17, 2016).  As such, Plaintiff's request for damages will be dismissed.

Moreover, to the extent that Plaintiff names Warden Spaulding as a Defendant, aside from naming him in the caption of the complaint, Plaintiff's complaint is devoid of any allegations against this Defendant.

It is well settled that claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim.  See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs. . . . [P]ersonal involvement can be shown
> through allegations of personal direction or of actual knowledge
> and acquiescence. Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity.

Rode, 845 F.2d at 1207.

8

An application of the above standards to Coleman's complaint clearly shows that he has failed to set forth a cognizable claim against  Defendant Warden Spaulding.  There are no allegations contained within the complaint that this Defendant was personally involved in any alleged unconstitutional actions. Thus, it is apparent that Plaintiff is attempting to impose liability on the basis of respondeat superior.  As such, his complaint will be dismissed.  A separate Order will be issued.


Dated: May 12, 2016                              /s/ William J. Nealon
                                                 **United States District Judge**